Shawna BELLER, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–02–00282–CR.

Court of Appeals of Texas,
Waco.

Dec. 1, 2004.

Karen Zellers, Spring, for appellant.

William Lee Hon, Polk county Dist. Atty., John S. Holleman, Polk County Asst. Dist. Atty., Spring, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## ABATEMENT ORDER

PER CURIAM.

The State charged Shawna Beller with third degree felony theft. TEX. PEN.CODE ANN. § 31.03(e)(5) (Vernon Supp.2004). Beller filed a motion to suppress her written confession. The trial court denied Beller's motion, yet failed to enter findings of fact and conclusions of law regarding the voluntariness of her confession. A jury found Beller guilty, and she was sentenced to four years' confinement. She complains on appeal that the court erred by admitting her written confession because it was coerced.

Beller argues in her second issue that the trial court erred by not entering findings of fact and conclusions of law on the voluntariness of her confession, and asks this Court to abate this appeal and direct the trial court to enter its findings. The Texas Code of Criminal Procedure requires a trial court to enter written findings of fact and conclusions of law that specifically support its conclusion that the defendant's statements were voluntary. TEX.CODE CRIM. PROC. ANN. art. 38.22, § 6 (Vernon Supp.2004). This requirement is mandatory, regardless of whether a defendant has objected to the lack of findings. *Urias v. State,* —— S.W.3d ——, ——, No. 335–03, 2004 WL 2347789, ——1–*2 (Tex. Crim.App. Oct.20, 2004).

Because the trial court has failed to make the required findings of fact and conclusions of law, we sustain Beller's second issue. We abate this appeal and direct the trial court to enter findings of fact and conclusions of law concerning the voluntariness of Beller's written confession.

The trial court shall, within thirty days after the date of this Order: (1) make appropriate orders and findings of fact and conclusions of law; and (2) deliver any orders and findings of fact and conclusions of law to the trial court clerk.

The trial court clerk shall: (1) prepare a supplemental clerk's record containing all orders and findings of fact and conclusions of law which the trial court renders or makes; and (2) file the supplemental clerk's record with the Clerk of this Court within forty-five days after the date of this Order.

If Beller determines, after reviewing the trial court's findings, that she should amend or supplement her brief, her amended or supplemental brief will be due thirty days after the supplemental record is filed. If Beller files an amended or supplemental brief, the State will have thirty days thereafter to file a responsive brief.

Chief Justice GRAY dissents with the following note:

Because the majority now chooses to run over me by not allowing an adequate

time for me to prepare a full and proper dissent, I will issue my dissent on a later date. The majority gave no notice to me that this order would issue today.

